# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **MORGAN HOWARTH** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION # 4:24-cv-00026 |
| **EXPEDIA CONSTRUCTION GROUP, INC., AND BEN MUSHTAQ** | : |
| **Defendants** | : |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Morgan Howarth, by and through his undersigned attorneys, respectfully alleges as follows for his complaint against Defendant Expedia Construction Group, Inc., and Ben Mushtaq.

## PARTIES

1. Plaintiff Morgan Howarth ("Plaintiff" or "Howarth") is an individual residing in Gainesville, Virginia, Texas.

2. Defendant Expedia Construction Group, Inc. ("Defendant" or "Expedia") is a Texas For-Profit Corporation believed to be based in Frisco, Texas, and upon information and belief may be served through its owner and registered agent Mobin Mushtaq, 2118 Mason Drive, Frisco, Texas 75034, or wherever he may be found.

3. Defendant Ben Mushtaq ("Defendant" or "Mushtaq") is an individual believed to be living in Frisco, Texas, and upon information and belief may be served at his home address at 2118 Mason Drive, Frisco, Texas 75034.

## NATURE OF THE CLAIMS

4. This is an action for copyright infringement and violations of the Digital Millennium Copyright Act ("DMCA"), arising in connection with the unauthorized commercial exploitation of one of Plaintiff's architectural photographs on Defendants' website.

## JURISDICTION AND VENUE

5. This action arises under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (copyrights).

6. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

8. Plaintiff Morgan Howarth is a highly regarded architectural photographer based in Virginia. Mr. Howarth utilizes a painstaking photo-process which combines multiple exposures to create a rich, distinctive result and is highly sought after for his work. Mr. Howarth's expansive client base includes CBS, Timex, Sears, Cole Haan, Home and Design Magazine, Hilton Worldwide, Modern Luxury Magazine, and Marriott International.

9. Expedia Construction Group, Inc., is a professional construction company headquartered in Frisco, Texas. According to records maintained by the Texas Secretary of State, Ben Mushtaq is the CEO of Expedia Construction Group, Inc.

10. Howarth is the sole author and creator of the photo at issue in this action (the "Photo"), a copy of which is set forth below.



11. The Photo was timely registered with the U.S. Copyright Office, which issued registration number VA 2-038-489, effective January 19, 2017. ("**Exhibit 1**").

12. In a blatant effort to "pad" their portfolio and exaggerate their credentials, Defendants prominently featured the Photo on Expedia's website at https://www.expediaconstructiongroup.com, and on Expedia's *Angi's List* website at https://www.angi.com/companylist/us/tx/frisco/expedia-construction-group-reviews-10179415.htm. In addition to using the Photo without Howarth's authorization, Defendants fraudulently claimed that the Photo featured one of their own "Projects;" and on Expedia's website included the misleading caption "Kitchen from complete house remodel," with Defendant Ben Musgtaq's name directly adjacent—as reflected below.





ADDITIONAL SCREENSHOT

13. On August 23, 2023, Howarth placed Defendants on notice of their fraudulent and unauthorized use of the Photo and followed-up several times in a good faith effort to resolve his claims for copyright infringement. Although Defendants eventually removed the Photo from Expedia's website and *Angi's List* page, they otherwise rejected Howarth's efforts to settle the duspute, thereby compelling him to bring this suit.

## COUNT 1: COPYRIGHT INFRINGEMENT

14. Howarth realleges and incorporates herein the foregoing paragraphs.

15. By their actions alleged above, Defendants Expedia Construction Group Inc., and Ben Mushtaq have infringed Howarth's copyrights in the Photo. Specifically, by copying,

displaying distributing and otherwise exploiting the Photo on its website, Defendants have infringed Howarth's exclusive rights set forth in 17 U.S.C. § 106.

16. In addition, and/or in the alternative, upon information and belief, Defendant Ben Mushtaq is jointly and severally liable for any direct copyright infringement committed by Defendant Expedia because he participated in the acts of infringement and/or because he was the dominant influence in the company and determined the policies that resulted in the infringement. *Broad. Music, Inc. v. Tex. Border Mgmt.*, 11 F. Supp. 3d 689, 693 (N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

17. Defendants' actions constituted willful infringement of Howarth's copyrights inasmuch as they knew, or had reason to know, that their use of Plaintiff's Work was unauthorized; and/or because they acted with reckless disregard of Plaintiff's copyrights.

18. As a result of the foregoing, Plaintiff is entitled to actual damages, plus Defendants profits; and/or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court.

**COUNT 2: VICARIOUS INFRINGEMENT**

19. Howarth realleges and incorporates herein the foregoing paragraphs.

20. In addition to, and/or in the alternative to direct infringement, Defendant Ben Mushtaq (as CEO of Expedia Construction Group, Inc.) is jointly and severally liable for vicarious infringement because he had the right and ability to supervise the infringing activities of his agents, contractors, and representatives (including the person or persons who placed the Photos on https://www.expediaconstructiongroup.com), and the practical ability to stop the infringement (by prohibiting the use of the Photos and/or removing the Photos), and because he had a direct financial interest in the infringing activities of his agents, contractors, and representatives by virtue of the business generated through the unlicensed use of the Photos (which Defendants used to illustrate

their services and induce visitors to use their services),[1] and the saved costs of licensing fees (had the Photos been properly licensed from Plaintiff). *See, e.g., Playboy Enters., Inc. v. Webbworld Inc.*, 991 F. Supp. 543, 553 (N.D. Tex 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019).

21. Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their use and display of the Photos required prior authorization and/or because they acted with reckless disregard of Plaintiff's copyrights; and/or because they exhibited willful blindness to the possibility that they were infringing Plaintiff's copyrights.

22. As a result of the foregoing, Plaintiff is entitled to actual damages, and any additional profits of Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 3: DMCA VIOLATION

23. Howarth realleges and incorporates herein the foregoing paragraphs.

24. Defendants violated Section 1202 of the Digital Millennium Copyright Act by including false copyright management information ("CMI") with their unauthorized display of the Photo, consisting of a false description of the Photo's origin (as one of Defendants' "projects"), and by placing Defendant Ben Mushtaq's name and link next to the Photo. Upon information and belief, Defendants also intentionally omitted any credit to Mr. Howarth—which presumably appeared in connection with the source from which they obtained the Photo.

---

[1] *See, e.g., Playboy Enters., Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1177 (N.D. Tex. 1997) (finding that the plaintiff's photographs acted as a draw for customers by enhancing "the attractiveness of [defendant's] website to potential customers").

25. Courts recognize that the removal of CMI and/or use of false CMI is a serious violation of copyright because it deprives the copyright owner of professional recognition, and makes it easier for other potential infringers to compound that injury. *See Reilly*, 2016 U.S. Dist. LEXIS 152154, at *21-22, quoting Russell W. Jacobs, *Copyright Fraud in the Internet Age*, 13 Colum. Sci.& Tech. L. Rev. 97, 147 (Feb. 15, 2012) (section 1202 of the DMCA protects a copyright owner's "rights of integrity and attribution," which in turn protect against "the widespread dispersion of inauthentic copies"). Upon information and belief, Defendants' actions were committed knowingly, and with the intent to induce, enable, facilitate and/or conceal infringement, and their fraudulent attempts to take credit for the "remodel" depicted in the Photo.

26. As a result of the foregoing, Plaintiff is entitled to actual damages plus Defendants' profits; or in the alternative, statutory damages for each violation in an amount no less than $2,500 and no more than $25,000, plus costs and attorney's fees. 17 U.S.C. § 1203(b)(4), (5) & (c).

## PRAYER

Plaintiff prays for:

A. An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the photographs at issue;

B. For each work infringed, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C. For each violation of the Digital Millennium Copyright Act, an award of statutory damages under 17 U.S.C. § 1203(c);

D. An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. §§ 505 and 1203(b)(4) & (5);

E. Prejudgment and post-judgment interest on any damage award as permitted by law; and

F. Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

> Respectfully submitted,
>
> **AMINI & CONANT, LLP**
> 1204 San Antonio Street, Second Floor
> Austin, Texas 78701
> t: (512) 222-6883
> f: (512) 900-7967
> service@aminiconant.com
>
> By: /s/ R. Buck McKinney
> R. Buck McKinney
> Texas Bar No. 00784572
> buck@aminiconant.com
> *Counsel for Plaintiff*